GEORGE A. ABER, assignee in bankruptcy,

*v.*

WILLIAM W. BRANT et ux.

That part of the purchase-money of a lot of land was paid by a husband with his wife's money, and that his father gave her a part of the materials afterwards used in erecting a house on the lot, is not a sufficient consideration to uphold a voluntary conveyance of the house and lot by the husband to the wife as against his creditors, whose debts were nearly all contracted before the date of the conveyance.

Creditor's bill. On final hearing on pleadings and proofs.

*Mr. W. W. Cutler,* for complainant.

THE CHANCELLOR.

The complainant, assignee in bankruptcy of William C. and Enoch T. Caskey, on August 20th, 1881, recovered a judgment for

:$121.27 against the defendant, William W. Brant, in the court
for the trial of small causes of Morris county.  The judgment
was docketed in the court of common pleas of that county on Sep-
tember 15th, 1881, and execution against goods and lands was
issued out of that court on the judgment on the same day, which
writ (the sheriff being unable to find any goods) was returned
with a levy on a lot of land in Morristown.  That property was
conveyed to Brant by deed dated April 1st, 1869.  It was then
a vacant lot.  Brant, soon after he became the owner of it, built
a house on it, in which he has lived ever since.  The price of
the lot was $600, of which he paid $200 in cash and gave a
mortgage, still unpaid, for the rest.  Of the complainant's debt,
$68.62 were contracted between October 15th, 1875, and Decem-
ber 30th following.  On the latter day Brant conveyed the lot
to Sarah A. Lindsley, who immediately conveyed it to Brant's
wife.  There was no consideration for either of those deeds, but
they were made merely to transfer the title from Brant to his
wife.  The complainant, alleging that that transfer was a merely
voluntary conveyance and fraudulent as against his claim, seeks
by this suit to subject the property to the payment of his judg-
ment.  The defendants, by their answer, set up two defences:
one that Brant was, when he made the conveyance, possessed of
sufficient property, irrespective of the house and lot in question,
to pay all his debts; the other that the lot was bought for his
wife and the $200 of the price paid with her money, and that to
a great extent the improvements on the property were made with
money given to her for the purpose by Elam R. Brant, her hus-
band's father.  The proof is that the lot was bought by William
W. Brant and conveyed to him.  The $200 paid on account of
the purchase-money were paid by him with his wife's money.
He put the improvements on the property.  Some of the mate-
rials for building the house came from his father, but the latter
gave her no money.  If those materials were a gift at all they
were a gift to Brant.  The title to the property stood in his
name from April, 1869, to December 30th, 1875, when it was
transferred to his wife.  All of the complainant's debt except
$10 had then been contracted.  The conveyance being volun-

tary was, as to the part of the debt then contracted, void. And it was void as to the rest also, for it evidently was made merely for the purpose of placing the property beyond the reach of Brant's creditors. It will be declared fraudulent as against the complainant's debt.